

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 1, 2023 17:37**

By: FRED M. BEAN 0086756

Confirmation Nbr. 2765797

| | |
|---|---|
| SARETHA LAND | CV 23 974623 |
| vs. | |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. | **Judge:** KELLY ANN GALLAGHER |

**Pages Filed:** 15



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SARETHA LAND<br>874 King George Blvd.<br>Cleveland, Ohio 44121 | ) <br> ) <br> ) <br> ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| UNIVERSITY HOSPITALS HEALTH<br>SYSTEMS, INC.<br>20800 Harvard Road<br>Highland Hills, OH 44122 | ) <br> ) <br> ) <br> ) <br> ) | **JURY DEMAND ENDORSED<br>HEREIN** |
| Serve also:<br>UNIVERSITY HOSPITALS<br>HEALTH SYSTEMS, INC.<br>c/o ACFB Incorporated<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

Plaintiff, Saretha Land, by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES, JURISDICTION, & VENUE**

1.  Land is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2.  University Hospitals Health Systems, Inc.  ("UH") is an Ohio corporation that operates a

    business located at 20800 Harvard Road, Highland Hills, Ohio 44122.

3.  UH was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01

    *et seq.*

4.  All material events alleged in this Complaint occurred in county of Cuyahoga.

5.  Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1)

    and (3).

1

6.   Venue is proper in this Court pursuant to Civ. R. 3(C)(3) and (6).

7.   Within 300 days of the conduct alleged below, Land dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-02517 against University Hospitals Health Systems, Inc. operating at 20800 Harvard Road, Highland Hills, OH 44122.

8.   On or about November 3, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Land regarding the Charges of Discrimination brought by Land against University Hospitals Health Systems, Inc. in EEOC Agency Charge No. 532-2022-02517.

9.   Land's Right to Sue letter from the EEOC is attached hereto as Plaintiff's Exhibit A.

10.  Land has filed this Complaint within two years of the events described below.

11.  Land has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b) and R.C. § 4112.052 *et seq.*

## FACTS

12.  Land is an African American woman.

13.  Land is a former employee of UH.

14.  UH hired Land on or around September 2001.

15.  Land suffered from Multiple Sclerosis. ("Land's Disability")

16.  Land's Disability is a physical impairment.

17.  Land's Disability is a disability under the ADA.

18.  Land's Disability is a disability as defined by R.C. § 4112.01.

19.  UH perceived Land as being disabled.

20.  UH perceived that Land's Disability constituted a physical impairment.

21. UH perceived Land's Disability to substantially impair one or more of her major life activities, including working.

22. As a result of suffering from her Disability, Land is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

23. Land is a member of a protected class based on her Disability.

24. Despite the actual or perceived Disability, Land was still able to perform the essential functions of her job.

25. Land has a record of physical impairment.

26. Land disclosed her disability to UH.

27. Land's Disability has been well documented throughout her employment with UH.

28. In or about late 2020, Land transferred to the Patient Account department as a Patient Account Specialist based, in part, on Land's Disability.

29. Charlotte Brown was Land's supervisor in the Patient Account Department in 2020.

30. On or about March 11, 2021, Brown met with Land for a performance review.

31. Brown reprimanded Land for not meeting the department goal of handling 40 claims per day.

32. Land pointed out that many other people in the department were not meeting the 40 claims per day goal.

33. Land reminded Brown that her Disability sometimes affected the speed at which Land could work.

34. Land told Brown that because of her Disability, some tasks would sometimes take longer than Land expected.

35. Land asked Brown for an accommodation based on her Disability.   ("Land's First Accommodation Request")

36. Land asked Brown for a reduced claims per day goal.

37. Land asked Brown for additional training to perform her job faster.

38. Brown told Land that Brown's sister also had Multiple Sclerosis, so she understood how to deal with problems related to Multiple Sclerosis.

39. Brown told Land that she did not need any accommodation.

40. Brown told Land that Land just needed to concentrate on her work and she would meet the 40 claims per day goal.

41. Brown told Land that Land just needed to work harder to meet the 40 claims per day goal.

42. Brown did not engage Land in an interactive discussion after Land's First Accommodation Request.

43. Brown did not provide an accommodation to Land based on Land's First Accommodation Request.

44. On or about March 29, 2021, Brown again reprimanded Land for failing to meet the 40 claims per day goal.

45. Brown gave Land a verbal warning for failing to meet the 40 claims per day goal.

46. Many of Land's coworkers disclosed to Land that they were not meeting the 40 claims per day goal, but had not been reprimanded by Brown.

47. Lloyd (Last Name Unknown) told Land that he handled 25 claims on a good day.

48. Brown continued to harass Land about not meeting the 40 claims per day goal.

49. In or about April 2021, Land became increasingly anxious about being singled out by Brown.

50. On or about April 7, 2021, Land requested to work from home as an accommodation. ("Land's Second Accommodation Request")

51. Brown denied Land's Second Accommodation Request.

52. Brown did not engage Land in an interactive discussion after Land's Second Accommodation Request.

53. Brown did not provide an accommodation to Land based on Land's Second Accommodation Request.

54. On or about April 14, 2021, Land contacted UH Human Resources to request an accommodation based on Land's Disability. ("Land's Third Accommodation Request")

55. Land asked for a reduced claims per day goal as an accommodation.

56. Land asked for more training to help her reach the 40 claims per day goal.

57. Land disclosed to Human Resources that Brown insisted that Land meet the 40 claims per day goal when Land's coworkers were not similarly scrutinized.

58. Land disclosed to Human Resources that Brown had denied Land's previous requests for accommodation.

59. UH denied Land's Third Accommodation Request.

60. UH told Land that each employee must be treated equally and a reduced claims per day goal for Land would be unfair to her coworkers.

61. UH did not engage Land in an interactive discussion after Land's Third Accommodation Request.

62. UH did not provide an accommodation to Land after Land's Third Accommodation Request.

63. On or about May 20, 2021, Brown threatened to suspend Land for insubordination and for failing to meet the 40 claims per day goal.

64. Land became extremely anxious about Brown's focus on Land's claims per day goal.

65. Land became extremely anxious about UH's refusal to consider a reasonable accommodation based on Lands Disability.

66. In or about June 2021, Land began having mental health issues based on the harassment and discrimination from UH and Brown.

67. On or about June 7, 2021, Land requested FMLA leave based on Land's Disability and the anxiety and depression she felt from Brown's harassment.

68. On or about June 9, 2021, Land complained to Wesley Haymon in UH Human Resources that Brown was discriminating against Land based on Land's Disability.  ("Discrimination Report")

69. Land asked Haymon to investigate Brown's discriminatory treatment toward Land based on Land's Disability.

70. Upon information and belief, Haymon did not investigate Land's Discrimination Report against Brown.

71. An employer's failure to investigate, or take prompt remedial action against discrimination, thus allowing the discrimination to continue, is also an adverse employment action. *Ellis v. Jungle Jim's Mkt., Inc.*, 12th Dist. No. CA2014-12-254, 2015-Ohio-4226, 44 N.E.3d 1034, ¶ 39.

72. On or about June 9, 2021, Land asked Haymon for an accommodation based on Land's Disability.  (Land's Fourth Accommodation Request")

73. Haymon did not engage Land in an interactive discussion after Land's Fourth Accommodation Request.

74. Haymon did not provide an accommodation to Land after Land's Fourth Accommodation Request.

75. On or about August 19, 2021, Land returned to work from FMLA leave.

76. Brown continued to harass Land about the 40 claims per day goal.

77. Brown began retaliating against Land for Land's Discrimination Report.

78. Brown began retaliating against Land for Land's FMLA leave.

79. Brown began giving Land corrective action disciplinary warnings for failing to meet the 40 claims per day goal.

80. Brown began giving Land corrective action disciplinary warnings for Land's work quality.

81. Brown did not give Land's similarly situated but non-disabled coworkers corrective action disciplinary warnings for failing to meet the 40 claims per day goal.

82. Brown did not give Land's similarly situated but non-disabled coworkers corrective action disciplinary warnings for work quality.

83. After Land was transferred to the Patient Account department under Brown's supervision, Land experienced retaliation and discriminatory conduct from Brown.

84. On or about February 18, 2022, UH terminated Land's employment based on Brown's corrective action disciplinary warnings.

85. UH treated Land unfavorably compared to similarly situated non-disabled coworkers.

86. UH's purported reason for Land's termination is pretext for disability discrimination.

87. UH's purported reason for Land's termination is pretext for FMLA Retaliation.

88. On or about February 18, 2022, UH terminated Land's employment for alleged performance issues.

89. On or about February 18, 2022, UH actually terminated Land's employment because of Land's Disabilities.

90. On or about February 18, 2022, UH actually terminated Land's employment as retaliation for Land's use of FMLA.

91. On or about February 18, 2022, UH actually terminated Land's employment in retaliation for Land's Discrimination Report.

92. Upon information and belief, UH permitted similarly situated, non-disabled employees to retain their employment despite behavior that was similar to or worse than Land's.

93. UH did not proffer a legitimate non-discriminatory reason for terminating Land.

94. Upon information and belief, subsequent to Land's termination, UH hired a non-disabled person to replace Land.

95. As a result of UH's discriminatory and retaliatory conduct, Land has suffered and will continue to suffer damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02

96. Land restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

97. Land suffers from Multiple Sclerosis.

98. Land is disabled.

99. UH perceived Land as being disabled.

100. Land's conditions constitute a physical impairment.

101. Land's conditions substantially impaired one or more of her major life activities including working.

102. UH perceived Land's conditions to substantially impair one or more of her major life activities including working.

103. UH treated Land differently than other similarly situated employees based on her disabling conditions.

104. UH treated Land differently than other similarly situated employees based on her perceived disabling conditions.

105. Despite Land's actual or perceived disabilities, Land was still able to perform all the essential functions of her job.

106. On or about February 18, 2022, UH terminated Land's employment without just cause.

107. UH terminated Land's employment based on her disabilities.

108. UH terminated Land's employment based on her perceived disabilities.

109. UH violated R.C. § 4112.02 when they discharged Land based on her disabilities.

110. UH violated R.C. § 4112.02 when they discharged Land based on her perceived disabilities.

111. UH violated R.C. § 4112.02 by discriminating against Land based on her disabling condition.

112. UH violated R.C. § 4112.02 by discriminating against Land based on her perceived disabling condition.

113. Land suffered emotional distress as a result of UH's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

114. As a direct and proximate result of UH's conduct, Land suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

115. Land restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

116. Land informed UH of her Disabilities.

117. Land informed UH of her disabling condition.

118. Land requested accommodations from UH to assist with her disabilities including a reduced claims per day goal, working from home, and additional training.

119. Land's requested accommodations were reasonable.

120. There were reasonable accommodations available that would have been effective and would have not posed an undue hardship to UH.

121. UH failed to engage in the interactive process of determining whether Land needed an accommodation.

122. UH failed to provide an accommodation to Land.

123. UH violated R.C. § 4112.02 by failing to provide Land a reasonable accommodation.

124. Land suffered emotional distress as a result of UH's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

125. As a direct and proximate result of UH's conduct, Land suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII:  RETALIATION IN VIOLATION OF R.C. § 4112.02

126. Land restates each and every prior paragraph of this complaint, as if it were fully restated herein.

127. As a result of the discriminatory conduct described above, Land complained to UH about the discrimination that she was experiencing.

128. Subsequent to Land reporting discrimination to UH, Land's supervisor gave Land corrective action disciplinary warnings for productivity and quality.

129. Subsequent to Land reporting discrimination to UH, she was threatened with suspension.

130. Subsequent to Land reporting discrimination to UH, she was threatened with termination.

131. UH's actions were retaliatory in nature based on Land 's opposition to the unlawful discriminatory conduct.

132. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section..."

133. As a direct and proximate result of UH's retaliatory discrimination against and termination of Land, she suffered and will continue to suffer damages, including economic damages and emotional distress.

## COUNT V: RETALIATION IN VIOLATION OF THE FMLA

134. Land restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. During her employment, Land utilized FMLA leave.

136. After Land utilized his qualified FMLA leave, UH retaliated against him.

137. UH retaliated against Land by terminating her employment.

138. UH willfully retaliated against Land in violation of 29 U.S.C. § 2615(a).

139. As a direct and proximate result of UH's wrongful conduct, Land is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorneys' fees.

### DEMAND FOR RELIEF

WHEREFORE, Land respectfully requests this Court grant the following:

(a) An order requiring UH to restore Land to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against UH of compensatory and monetary damages to compensate Land for lost wages, forward damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against UH in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Land claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
SPITZ, THE EMPLOYEE'S LAW FIRM
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.Bean@spitzlawfirm.com
          David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Saretha Land*

## JURY DEMAND

Plaintiff Saretha Land demands a trial by jury by the maximum number of jurors permitted.

/s/Fred M. Bean
Fred M. Bean (0086756)
David E. Byrnes (0086975)
SPITZ, THE EMPLOYEE'S LAW FIRM

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Cleveland Field Office
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/03/2022

**To:** Saretha Land
874 King George Blvd.
Cleveland, OH 44121

Charge No: 532-2022-02517

EEOC Representative:          Legal Unit
(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2022-02517.

On behalf of the Commission,

Digitally Signed By: Dilip Gokhale
11/03/2022

Dilip Gokhale
Director

**Cc:**
Marcie Manson
University Hospitals
3605 WARRENSVILLE CENTER RD
Shaker Heights, OH 44122

Susan Foreman
The Spitz Law Firm
25825 Science Park Drive, Suite 200
Beachwood, OH 44122

David Byrnes
The Spitz Law Firm
25825 Science Park Drive, Suite 200
Beachwood, OH 44122

Please retain this notice for your records.

 Civil Case Docket Page

skip to main content

Print

# CASE INFORMATION

## CV-23-974623 SARETHA LAND vs. UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 02/15/2023 | N/A | SR | USPS RECEIPT NO. 49711260 DELIVERED BY USPS 02/07/2023 UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. PROCESSED BY COC 02/15/2023. | |
| 02/15/2023 | N/A | SR | USPS RECEIPT NO. 49711259 DELIVERED BY USPS 02/08/2023 UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. PROCESSED BY COC 02/15/2023. | |
| 02/06/2023 | D1 | SR | SUMS COMPLAINT(49711260) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. C/O ACFB INCORPORATED 200 PUBLIC SQUARE, SUITE 2300 CLEVELAND, OH 44114-0000 | 📄 |
| 02/06/2023 | D1 | SR | SUMS COMPLAINT(49711259) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. 20800 HARVARD ROAD HIGHLAND HILLS, OH 44122 | 📄 |
| 02/03/2023 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 02/03/2023 | D1 | CS | WRIT FEE | |
| 02/03/2023 | D1 | CS | WRIT FEE | |
| 02/03/2023 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 02/02/2023 | N/A | SF | JUDGE KELLY ANN GALLAGHER ASSIGNED (RANDOM) | |
| 02/02/2023 | P1 | SF | LEGAL RESEARCH | |
| 02/02/2023 | P1 | SF | LEGAL NEWS | |
| 02/02/2023 | P1 | SF | LEGAL AID | |
| 02/02/2023 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 02/02/2023 | P1 | SF | COMPUTER FEE | |
| 02/02/2023 | P1 | SF | CLERK'S FEE | |
| 02/02/2023 | P1 | SF | DEPOSIT AMOUNT PAID SPITZ LAW FIRM, LLC | |
| 02/01/2023 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2023 PROWARE. All Rights Reserved. 1.1.267

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SARETHA LAND
**Plaintiff**

V.

UNIVERSITY HOSPITALS HEALTH SYSTEMS,
INC.
**Defendant**

**CASE NO.** CV23974623

**JUDGE** KELLY ANN GALLAGHER

# SUMMONS SUMC CM

**Notice ID:** 49711259



| From: | SARETHA LAND                 P1 |
|-------|------------------------------------|
|       | 874 KING GEORGE BLVD. |
|       | CLEVELAND OH 44121 |

| Atty.: | DAVID E BYRNES |
|--------|----------------|
|        | 25200 CHAGRIN BLVD., SUITE 200 |
|        | BEACHWOOD, OH 44122-0000 |

| To: | UNIVERSITY HOSPITALS HEALTH SYSTEMS,   D1 |
|-----|------------------------------------------------|
|     | INC. |
|     | 20800 HARVARD ROAD |
|     | HIGHLAND HILLS OH 44122 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 02/03/2023

By_____
**Deputy**

CMSN130

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SARETHA LAND
**Plaintiff**

V.

UNIVERSITY HOSPITALS HEALTH SYSTEMS,
INC.
**Defendant**

**CASE NO.** CV23974623

**JUDGE** KELLY ANN GALLAGHER

# SUMMONS  SUMC  CM

**Notice ID:** 49711260



| From: | SARETHA LAND | P1 |
| | 874 KING GEORGE BLVD. | |
| | CLEVELAND OH 44121 | |

| Atty.: | DAVID E BYRNES |
| | 25200 CHAGRIN BLVD., SUITE 200 |
| | BEACHWOOD, OH 44122-0000 |

| To: | UNIVERSITY HOSPITALS HEALTH SYSTEMS, | D1 |
| | INC. | |
| | C/O ACFB INCORPORATED | |
| | 200 PUBLIC SQUARE, SUITE 2300 | |
| | CLEVELAND OH 44114-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 02/03/2023

By_____
**Deputy**

CMSN130

## IN THE COURT OF COMMON PLEAS

## CUYAHOGA COUNTY, OHIO

SARETHA LAND,

                PLAINTIFF,

V.

UNIVERSITY HOSPITALS HEALTH
SYSTEMS, INC.,

                DEFENDANT.

CASE NO.: CV-23-974623

HONORABLE KELLY ANN
GALLAGHER

## NOTICE OF FILING OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendant University Hospitals Health Systems, Inc. ("Defendant"), files herewith a copy of the Notice of Removal, which was filed in the United States District Court for the Northern District of Ohio, Eastern Division, on this 7th day of March, 2023.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Telephone:  216.344.9422
Fax:  216.344.9421
David.A.Campbell@lewisbrisbois.com
Donald.Slezak@lewisbrisbois.com
*Attorneys for Defendant University Hospitals*
    *Health Systems, Inc.*

91258217.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system. If a party is not registered with the court's ECF system, a true and correct copy will be sent via email and U.S. Mail, postage prepaid, upon the following:

Fred M. Bean
David E. Byrnes
SPITZ, THE EMPLOYEE'S LAW FIRM
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Email: Fred.Bean@spitzlawfirm.com
        David.Byrnes@spitzlawfirm.com
*Attorneys for Plaintiff Saretha Land*

                                    */s/ David A. Campbell*
                                    David A. Campbell (0066494)
                                    *Attorney for Defendant*

91258217.1