UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARETHA LAND<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.<br><br>        Defendant. | CASE NO.: 1:23-cv-00453<br><br>JUDGE: J. PHILIP CALABRESE |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND REINSTATEMENT

For its Answer to Plaintiff Saretha Land's ("Plaintiff") Complaint for Damages and Reinstatement (the "Complaint"), Defendant University Hospitals Health Systems, Inc., ("Defendant")[1], by and through undersigned counsel, makes the following admissions, denials, statements, and defenses:

### PARTIES, JURISDICTION & VENUE

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of the Complaint contains a legal conclusion for which no response is required and, therefore, Defendant denies Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

---

[1] Defendant did not employ Plaintiff and it is not a proper party to this lawsuit.

1

5. Paragraph 5 of the Complaint contains a legal conclusion for which no response is required and, therefore, Defendant denies Paragraph 5.

6. Paragraph 6 of the Complaint contains a legal conclusion for which no response is required and, therefore, Defendant denies Paragraph 6.

7. The documents pertaining to Plaintiff's charge filed with the Equal Employment Opportunity Commission, including any notice of rights to sue, speak for themselves and, therefore, Defendant denies Paragraph 7 of the Complaint.

8. The documents pertaining to Plaintiff's charge filed with the Equal Employment Opportunity Commission, including any notice of rights to sue, speak for themselves and, therefore, Defendant denies Paragraph 8 of the Complaint.

9. Paragraph 9 does not apply to Defendant and no response is required.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

**FACTS**

12. Upon information and belief, Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint..

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Plaintiff's employment records, including any requests for accommodation, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Plaintiff's employment records, including any requests for accommodation, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Plaintiff's employment records, including any requests for accommodation, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Plaintiff's employment records, including any requests for accommodation, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Plaintiff's employment records, including any requests for FMLA leave, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Plaintiff's employment records, including any complaints submitted to Defendant, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint as legal conclusions.

72. Plaintiff's employment records, including any requests for accommodation, speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Plaintiff's employment records speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the remaining allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C.§ 4112.02**

96. Defendant incorporates its responses in Paragraphs 1 through 95 as if fully restated herein.

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

## COUNT II: FAILURE TO ACCOMMODATE UNDER R.C.§ 4112.02

115. Defendant restates its prior responses in Paragraphs 1 through 114 as if fully restated herein.

116. Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125. Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

## COUNT VII[2]: RETALIATION IN VIOLATION OF R.C.§ 4112.02

126. Defendant restates its prior responses in Paragraphs 1 through 125 as if fully restated herein.

127. Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of Plaintiff's Complaint as a legal conclusion.

133. Defendant denies the allegations contained in Paragraph 133 of Plaintiff's Complaint.

---

[2] Plaintiff's third claim in the Complaint is incorrectly labeled "Count VII."

## COUNT V[3]: RETALIATION IN VIOLATION OF THE FMLA

134. Defendant restates its prior responses in Paragraphs 1 through 133 as if fully restated herein.

135. Plaintiff's employment records, including any requests for FMLA leave, speak for themselves and, therefore, Defendant denies Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140. Defendant denies the allegations contained in the DEMAND FOR RELIEF section paragraph immediately following Paragraph 139, including subparts (a) through (f).

141. Defendant denies each and every allegation not specifically admitted to be true herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition,

---

[3] Plaintiff's fourth claim in the Complaint is incorrectly labeled "Count V."

nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, res judicata, and/or unclean hands.

3. Some or all of the damages that Plaintiff seeks are not recoverable by law.

4. Plaintiff's claims fail because her discharge would have occurred regardless of Plaintiff's FMLA use.

5. Plaintiff's claims fail because her discharge would have occurred regardless of her alleged disability.

6. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

7. Plaintiff's Complaint fails to name the proper employer.

8. Plaintiff failed to exhaust her administrative remedies.

9. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

10. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

11. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages and/or alleged injuries.

12. In the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant may be barred by the doctrine of after-acquired evidence.

13. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

14. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendant took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

15. Plaintiff's claim for failure to accommodate fails because Plaintiff (1) failed to submit a request for accommodation; (2) any request for accommodation was unreasonable; and (3) any request for accommodation posed an undue burden upon Defendant.

16. Defendant engaged in the interactive process.

17. Defendant complied with all laws and regulations applicable to Plaintiff's claims.

18. Plaintiff was treated the same as all other employees.

19. Plaintiff's discharge was legitimate, non-discriminatory, and according to Defendant's lawful policies.

20. Injunctive relief is not available to Plaintiff because she has failed to demonstrate that monetary damages are an insufficient remedy.

21. Expectancy damages are not available to Plaintiff because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

22. Compensatory damages are not available to Plaintiff because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

23. Plaintiff's Complaint is frivolous and lacks merit.

24. Because Plaintiff's Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

25. Plaintiff's claims are barred by her own bad faith.

26. Plaintiff's claims fail as a matter of law because she cannot satisfy her *prima facie* cases.

27. Plaintiff cannot prove that Defendant's legitimate, non-discriminatory reason for its actions is pretext for unlawful disclination or retaliation.

28. Plaintiff's claims for retaliation fails as a matter of law because she cannot show that her alleged protected activity was the "but for" cause for her discharge.

29. Plaintiff's claim for disability discrimination fails because Plaintiff (1) is not disabled; (2) was not qualified for her position with or without an accommodation; and (3) could not perform the essential functions of her position with or without a reasonable accommodation.

30. Plaintiff's claims fail because Defendant acted in good faith at all times.

31. Plaintiff has not and is not suffering from emotional distress.

32. Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

33. Plaintiff's claims punitive damages in her Complaint the claim is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws and because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies .

34. Plaintiff's claim for punitive damages is barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

35. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

36. Plaintiff's FMLA claim fails because (1) Plaintiff was granted all requests for FMLA leave; (2) Plaintiff's requests for leave did not qualify for leave pursuant to the FMLA; and (3) Plaintiff failed to comply with the requirements of the FMLA.

37. Plaintiff lacks standing to bring some or all of her claims.

38. Some of all of Plaintiff's claim fail as a matter of law because Plaintiff failed to satisfy statutory or common law prerequisites prior to filing her Complaint.

39. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than this answering Defendant.

40. Defendant is entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

41. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant respectfully requests that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that Defendant recover its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,

*/s/ Donald G. Slezak*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system. If a party is not registered with the court's ECF system, a true and correct copy will be sent via email and U.S. Mail, postage prepaid, upon the following:

Fred M. Bean
David E. Byrnes
SPITZ, THE EMPLOYEE'S LAW FIRM
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Email: Fred.Bean@spitzlawfirm.com
       David.Byrnes@spitzlawfirm.com
*Attorneys for Plaintiff Saretha Land*

                                                 */s/ Donald G. Slezak*
                                                 Donald G. Slezak (0092422)

                                                 *One of the Attorneys for Defendant*